OPINION
This appeal is taken by defendant-appellant Willie L. Evans from the judgment entered by the Court of Common Pleas of Marion County convicting him of possession of cocaine.
On February 11, 1999, Dashawn Lamar Young, Michael A. Jackson, Susan Elizabeth Stewart, Ronald Lee Jacobs and Willie L. Evans were indicted on twelve counts including aggravated burglary, kidnapping, abduction, extortion, felonious assault, unlawful possession of a dangerous ordnance, having weapons while under a disability, tampering with evidence, trafficking in cocaine, and possession of cocaine. The events leading up to the indictment follow.
Young, Jacobs and Stewart came to Marion from Columbus to start up a business selling cocaine. While in Marion they stayed at the home of a friend, Willie Evans. Jackson, another mutual friend of the group, also stayed at Evans' home.
During the evening of January 31, 1999, Young sold cocaine to Terry Kinder for fifty dollars on credit. The next morning, Young became extremely irate because Kinder had not paid him. He and Jackson broke into Tracey White's home, where Kinder was staying. After entering the residence, Young was hysterical and began hitting people in the apartment including Terry Kinder.
Terry Kinder is deaf and mute, conditions which inhibited her understanding of all being said, but frightening her. In her fear she wrote messages begging Young and Jackson to take her to the bank where she could pay them so that they would stop hurting her. Jackson and Young told White that they were taking Kinder to the bank so that she could withdraw the money she owed to them. Young and Jackson forcibly took Kinder from White's home and placed her in their car. Kinder had assumed they were taking her to the bank. However, instead of taking Kinder to the bank, Young and Jackson took her to Willie Evans' home where Stewart, Evans and Jacobs were staying. Once in Evans' home Young violently struck Kinder on the head with a sawed off shotgun, supplied by Evans, causing a wound which ultimately required medical treatment including sixteen stitches.
Leaving the sawed off shot-gun at the house but carrying a loaded revolver the group of five, lead by Young, took Terry Kinder to the bank to withdraw her money. While they were on their way to the bank, Tracey White fearing that Terry Kinder would be killed called the police. She informed the police that the group had taken Kinder to the bank. When Evans and Young entered the bank with Kinder, the bank immediately called the police and attempted to delay the transaction. After obtaining her cash withdrawal from the bank, Kinder paid Young the fifty dollars she owed him. As they left the bank, they were apprehended by the police.
After obtaining a search warrant, officers searched the home of Willie Evans. They found blood about the residence, a sawed-off shotgun, and a crack pipe hidden underneath the carpet in Evans' bedroom.
On the evening of February 1, 1999, Evans provided a urine sample. The urine sample was tested and found to contain cocaine metabolites.
On May 6, 1999, after a trial by jury, Evans was acquitted on all charges in the indictment except possession of cocaine. In the sentencing hearing on July 6, 1999, Evans was sentenced to the maximum term allowable, twelve months.
On appeal from that conviction Evans presents the following two assignments of error:
 1. The State failed to present sufficient evidence to prove that Defendant-Appellant knowingly possessed cocaine in Marion County, Ohio.
 2. The trial court erred in sentencing the Defendant-Appellant to the maximum term.
Evans' initial assertion is that the State failed to provide evidence sufficient for a conviction on the charge of possession of cocaine. Initially, we observe that "on the trial of a case, either civil or criminal, the weight to be given the evidence and credibility of the witnesses are primarily for the trier of facts." State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. "Sufficiency is a term of art meaning that the legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins (1997), 78 Ohio St.3d 380, 382.
When a defendant challenges the sufficiency of evidence, we determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. To reverse a judgment of a trial court when there is insufficient evidence to support it, only a concurring majority of a panel of a court of appeals reviewing the judgment is necessary. Thompkins at paragraph three of the syllabus.
Possession of cocaine is a violation of R.C. 2925.11(A), a felony in the fifth degree. R.C. 2925.11(A) provides:
 No person shall knowingly obtain, possess, or use a controlled substance.
The evidence presented at trial established that on the evening of February 1, 1999 following his arrest at the bank, a urine sample was collected from Evans. The urine was tested by the Laboratory Corporation of America. The specimen tested positive for benzoylecgonine, the main urine metabolite of cocaine. An analyst from the laboratory testified that urine showed a high concentration of cocaine. The analyst testified further that Evans had "to have taken or ingested the cocaine in order for it to get into his urine system."
Upon search of Evans' residence police located a crack pipe that had been used to smoke crack cocaine. In addition to this physical evidence, there was substantial evidence regarding cocaine trafficking being committed by persons with whom Evans shared his home. Further, Young and Evans, in a joint interview with a local reporter admitted to the selling the crack-cocaine to Terry Kinder.
The testimony heard by the jury and outlined in part above demonstrates that Evans knowingly used cocaine. He did so by possessing the paraphernalia necessary to ingest the drug and the urine tests confirmed the presence of the drug in his system. Moreover, this Court has previously upheld a conviction for possession of cocaine based on the presence of cocaine metabolites in the defendant's urine, recovery of paraphernalia from the residence and testimony regarding drug dealing in the residence. State v. Jeanette Napper (November 27, 1991), Marion App. No. 9-91-11, unreported. As a result, viewing the evidence in the light most favorable to the prosecution a rational trier of fact could have found the elements of possession of cocaine proven beyond a reasonable doubt. No error having been shown, Evans' first assignment of error is overruled.
In his second assignment of error Evans asserts that the trial court erred when it sentenced him to the maximum term because it failed to state its reasons for doing so on the record. At the outset we observe that the sentencing provisions set forth in the Revised Code are to be strictly construed against the state and liberally construed in favor of the accused. R.C. 2901.04(A).
The sentencing guidelines and mandates are contained within O.R.C. Chapter 2929. O.R.C. 2929.12 sets forth a list of several factors that are to be considered by the trial court during sentencing proceedings. If the offender has not previously served a prison term the court must impose the shortest sentence unless the court establishes on the record that the shortest prison term "will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." O.R.C. 2929.14(B). The court may impose the maximum sentence when:
 * * *[T]he court imposing a sentence for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section. O.R.C. 2929.14(C)
O.R.C. Chapter 2929 also contains explicit guidelines that must be followed during the sentencing hearing. O.R.C. 2929.19(B) provides:
 (1) At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report * * *, and any victim impact statement * * *.
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed if any of the following circumstances:
* * *
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term.
The Supreme Court of Ohio recently held in State v. Edmonson (1999), 86 Ohio St.3d 324, that:
 "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." Id. at syllabus.
However, in order to lawfully sentence an individual to a maximum penalty for a single crime the Supreme Court has stated that "the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C) by findings that give its reasons." State v. Edmonson (1999), 86 Ohio St.3d 324, 329.
The record reveals that Evans was sentenced to the maximum term, twelve months, for possession of cocaine. At the sentencing proceeding the trial court noted the following on the record:
 First of all, in imposing the sentence there is a couple of findings that need to be made.
 First of all, obviously this defendant was previously subject to a prison term, and his offense was committed while the defendant was under community control sanctions.
 Additionally, we'll find that the defendant poses the greatest likelihood of committing future crimes, for the reasons mentioned in the State's memorandum.
 It will be the judgment and sentence of the Court [that] the defendant be confined in an appropriate Ohio Penal Institution for a period of twelve months.
In stating the reasons for sentencing Evans to the maximum sentence for a single offense, possession of cocaine, the trial court merely stated that he posed "the greatest likelihood of committing future crimes, for the reasons mentioned in the State's memorandum." In light of the Supreme Court's holding in Edmonson and the requirement that the sentencing provisions in the revised code be strictly construed against the State, this Court cannot say that a mere reference to a memorandum supplied by the state is adequate to satisfy the requirement that the findings of the trial court are supported by reasons. As a result, Evans' second assignment of error is sustained to the extent the sentencing procedure was deficient as we have noted.
The judgment of the Court of Common Pleas of Marion County is affirmed in part and reversed in part and the cause is remanded for further sentencing proceedings not inconsistent with the judgment entered herein.
Judgment reversed in part, affirmed in part and cause remanded.
HADLEY and WALTERS, JJ., concur.